08-5643-ag
Kourouma v. Holder

BIA
Hom, IJ
A073 697 669

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of January, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

MORIBINE KOUROUMA,
> *Petitioner*,

> v.                                                    08-5643-ag
>                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
> *Respondent*.

_____

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Theodore Vialet, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General,
                         Civil Division; John S. Hogan, Senior
                         Litigation Counsel; Edward E. Wiggers,
                         Trial Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Moribine Kourouma, a native and citizen of Guinea, seeks review of an October 23, 2008 order of the BIA, affirming the April 16, 2007 decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moribine Kourouma*, No. A073 697 669 (B.I.A. Oct. 23, 2008), *aff'g* No. A073 697 669 (Immig. Ct. N.Y. City Apr. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA adopted and supplemented the IJ's decision, we review both decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-settled. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. In his initial application, Kourouma stated only "I have been [sic] object of many threatened [sic] and was once arrested." In an amended asylum application he submitted prior to his merits hearing, however, he stated that he had been detained for almost two years, during which time he was beaten and tortured with electric shocks. The agency reasonably found that Kourouma's omission of these material allegations undermined his credibility. *See Dong v. Ashcroft,* 406 F.3d 110 (2d Cir. 2005). Moreover, no reasonable fact-finder would have been compelled to accept Kourouma's explanation that this omission was a simple oversight. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). The IJ also reasonably relied on his observations of

Kourouma's demeanor during his merits hearing to find that he was not credible. *See id.* at 81 n. 1. Having called Kourouma's credibility into question, the IJ was entitled to note the absence of corroborating evidence that could have rehabilitated his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 274 (2d Cir. 2007).

Ultimately, substantial evidence supports the agency's adverse credibility determination*. See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). Thus, we find no error in the agency's denial of Kourouma's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)*; Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk